# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

PITTMAN B. CHEAPOO, JR.,

    Petitioner,

v.

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY;

    Respondent.

Case No. 0:17-cv-04220-DWF-KMM

**REPORT AND RECOMMENDATION**

Pittman B. Cheapoo, Jr., A 094-646-684, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN, 55330, pro se petitioner,

Ana H. Voss, Ann M. Bildtsen, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for respondent.

In this habeas proceeding, Pittman Cheapoo, Jr., who is a Liberian national, alleged that the government unlawfully detained him after an immigration court ordered him removed from the United States. Pet., ECF No. 1. The government originally responded to Mr. Cheapoo's habeas petition on October 19, 2017, arguing that his continued post-removal-order detention did not violate his due process rights under the United States Constitution because there was a substantial likelihood that he would be removed from the United States in the reasonably foreseeable future. Resp. to Pet. at 7-11, ECF No. 3.

On October 24, 2017, the Court ordered the government to provide a status update on its efforts to remove Mr. Cheapoo to Liberia. Ord., ECF No. 6. The government filed its first supplemental response to the petition on November 13, 2017, in which it asserted once again that Mr. Cheapoo's removal remained substantially likely in the reasonably foreseeable future, and provided details to substantiate that assertion. ECF No. 7. On January 2, 2018, the government filed a second supplemental response to the petition informing the Court that Mr. Cheapoo had been removed from the United States as anticipated. ECF No. 11; Decl. of Ana H. Voss ("Voss Decl."), ECF No. 12. Specifically, the government informed the Court that on December 11, 2017, Immigration and Customs Enforcement ("ICE") removed Mr. Cheapoo on a commercial airline to Liberia. ECF No. 11.

Because Mr. Cheapoo sought release from custody under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and has since been removed from the United States, the government contends that his petition is moot and should be dismissed. ECF No. 11. The Court agrees. Mr. Cheapoo's removal means that there is no longer any actual, ongoing case or controversy. "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing controversies." *Hayden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). Courts have consistently concluded that when a petitioner in a habeas action is removed from the United States and returned to his native country, there is no longer a live case or controversy because a court can no

longer order the relief sought in the petition. *See, e.g., Hassan v. I.C.E.*, No. 13-cv-841 (PJS/LIB), 2013 WL 3974522, at *2 (D. Minn. Aug. 1, 2013) (Order adopting report and recommendation); *Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immigration Servs.*, No. 10-cv-292 (JRT/LIB), 2010 WL 5141803, at *11-12 (D. Minn. Dec. 13, 2010). The Court cannot give Mr. Cheapoo the relief he seeks in his petition—an order requiring immediate release pending his removal to Liberia—because he has already been returned to Liberia. No case or controversy remains, and this action is therefore moot.

Accordingly, **IT IS HEREBY RECOMMENDED** that the Petition [ECF No. 1] be **DENIED AS MOOT** and this action be **DISMISSED**.

Date: January 4, 2018               *s/ Katherine Menendez*
                                    Katherine Menendez
                                    United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.